**Motion Granted; Order filed December 8, 2015**



In The

# Fourteenth Court of Appeals

_____

NO. 14-15-00889-CV
_____

**BANDALI DAHDAH, Appellant**

**V.**

**NADIM ZABANEH AND BASIMA ZABANEH, Appellees**

**On Appeal from the 270th District Court
Harris County, Texas
Trial Court Cause No. 2015-27555**

## ORDER

On November 19, 2015, appellant, who is appearing *pro se,* filed a timely motion in this court challenging the trial court's November 17, 2015, ruling sustaining a contest to his affidavit of indigence. *See* Tex. R. App. P. 20.1(j)(1), (2). When a motion to review the trial court's ruling on indigence is filed, the trial court clerk and the court reporter must prepare, certify, and file the record of the hearing on the contest to the claim of indigence within three days after the motion is filed. *See* Tex. R. App. P. 20.1(j)(3).

The trial court clerk filed a record on November 24, 2015. The record reflects a hearing was held on the contests to appellant's affidavit of indigence on November 13, 2015. No record of the hearing was filed.

Under the unambiguous language of Texas Rule of Appellate Procedure 20.1(j), if the appellate court does not deny a motion under Rule 20.1(j) within 10 days after the motion is filed, this motion is granted by operation of law. Tex. R. App. P. 20.1(j)(4). If the court reporter does not file the hearing record within 10 days after the filing of the motion, as in this case, this court has no ability to review the merits of the motion, and the motion is granted by operation of law regardless of whether the motion has merit. Tex. R. App. P. 20.1(j)(4). This new rule places a heavy burden on the trial court clerk and the court reporter to act expeditiously in preparing, certifying, and filing the hearing record. If they fail to do so, then under the applicable procedure, this court has no ability to review the merits of the motion.

More than 10 days have passed since the motion was filed and appellant's motion **was granted** by operation of law. Accordingly, appellant may proceed on appeal without the advance payment of costs.

Therefore, we **ORDER** the Harris County District Clerk to prepare, certify, and file the appellate record without the advance payment of costs. *See* Tex. R. App. P. 20.1(k). The court reporter has notified this court that no reporter's record was taken in the underlying case. The record will be due in this court **30 days from the date of this order.**

PER CURIAM